# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK, N.A. as Trustee for the Certificateholders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN H. LUCORE, SR.; JUDY L. LUCORE; and DOES 1–10, INCLUSIVE,<br><br>Defendants. | Case No.: 19-CV-441 JLS (MDD)<br><br>**ORDER REMANDING CASE** |

On March 6, 2019, Defendants Steven Lucore, Sr. and Judy Lucore filed a Notice of Removal, removing Plaintiff's state court Complaint to this Court. (ECF No. 1.) This is not the first time Defendants have removed this particular action from state court. On January 28, 2016, Defendants removed the present state court unlawful detainer action to the Southern District of California. (No. 16-CV-226 JLS (MDD), ECF No. 1.) Plaintiff filed a motion to remand, which the Court granted because Defendants' notice of removal was untimely. (*Id.*, ECF No. 20.) On February 7, 2018, Defendants filed another notice of removal, (No. 18-CV-286 JLS (MDD), ECF No. 1), which the Court again remanded because the notice was untimely. (*Id.*, ECF No. 20.)

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and subject-matter jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Under section 1446(b) of title 28 of the United States Code, a case can be removed either thirty days after receiving an initial complaint that is removable, 28 U.S.C. § 1446(b)(1), or, if the initial complaint is not removable, thirty days after receipt of the first document from which it can be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). Furthermore, "[a] case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). Additionally, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

It is clear in this case that removal is improper for several reasons, two of which the Court addresses. First, the time to remove this case has long passed. Plaintiff filed this case in state court on June 15, 2015, and Defendants answered the Complaint on July 27, 2015. The case was not removable in 2016 when Defendants first attempted to remove the

case. It was not removable in 2018 when they tried again. It remains so now. Nothing in Defendants' Notice of Removal changes this fact. Second, both Defendants reside in the state of California, making removal on diversity jurisdiction grounds improper. *See* 28 U.S.C. § 1441(b)(2).

The Court notes that "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." *Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-04525 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012); *see also Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries." (citing *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999))). Pursuant to 28 U.S.C. § 1447(c), it is also within the Court's discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Based on the facts of this case, the Court is well within its powers to sanction Defendants under Rule 11 and award costs to Plaintiffs under Section 1447. The Court declines to do so here; but the Court cautions Defendants against any further objectively unreasonable attempts to remove this action.

Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of San Diego. (ECF No. 1). The Court **DENIES AS MOOT** Defendants' Motion to Consolidate. (ECF No. 3).

**IT IS SO ORDERED.**

Dated: March 13, 2019

Hon. Janis L. Sammartino
United States District Judge